An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

RICHARD SATTERFIELD,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 59171

FILED

FEB 1 3 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

### ORDER OF AFFIRMANCE

This is an appeal from a district court order denying a post-conviction petition for a writ of habeas corpus. Eighth Judicial District Court, Clark County; Abbi Silver, Judge.

Appellant Richard Satterfield argues that the district court erred in denying his petition because counsel was ineffective at trial and on appeal. To prove ineffective assistance of trial counsel, a petitioner must demonstrate (a) that counsel's performance was deficient in that it fell below an objective standard of reasonableness and (b) resulting prejudice in that there is a reasonable probability that, but for counsel's errors, the outcome of the proceedings would have been different. Strickland v. Washington, 466 U.S. 668, 687-88 (1984); Warden v. Lyons, 100 Nev. 430, 432-33, 683 P.2d 504, 505 (1984) (adopting the test in Strickland). To prove ineffective assistance of appellate counsel, a petitioner must demonstrate (a) that counsel's performance was deficient and (b) that the omitted issue would have a reasonable probability of success on appeal. Kirksey v. State, 112 Nev. 980, 998, 923 P.2d 1102,

SUPREME COURT
OF
NEVADA

(O) 1947A

13-04673

1114 (1996). Both components of the inquiry must be shown. Strickland, 466 U.S. at 697. We give deference to the district court's factual findings but review the court's application of the law to those facts de novo. Lader v. Warden, 121 Nev. 682, 686, 120 P.3d 1164, 1166 (2005).

First, Satterfield argues that the district court erred by denying his claim that counsel was ineffective for failing to seek a continuance so he could review and examine eyewitness Shawn Clay's recorded statement and obtain diagrams that Clay drew. The district court found credible counsel's testimony at the evidentiary hearing that he did not believe a continuance would have been successful as he had ample time to review the recording, and regardless, he did not want to cast doubt upon the version of events Clay had previously given by impeaching him with other statements because that version was helpful to the defense. In addition, the multiple evidentiary hearings related to Clay's diagrams revealed that the diagrams were not exculpatory and could have merely buttressed counsel's cross-examination. Because Satterfield failed to demonstrate that the results of the proceeding would have been different had counsel sought a continuance or obtained the drawings, we conclude that the district court did not err by denying these claims.

Second, Satterfield argues that the district court erred by denying his claim that counsel was ineffective for failing to interview Clay, Satterfield's mother, and other character witnesses and have them testify. The district court found credible counsel's testimony that he made a

strategic decision to avoid character witnesses to ensure he did not open the door to negative character testimony. Moreover, Satterfield did not offer what, if anything, these witnesses would have said if interviewed or how their testimony would have altered the outcome at trial. We conclude that the district court did not err by denying this claim. See Dawson v. State, 108 Nev. 112, 117, 825 P.2d 593, 596 (1992) ("Strategic choices made by counsel after thoroughly investigating the plausible options are almost unchallengeable.").

Third, Satterfield argues that the district court erred by denying his claims that trial counsel was ineffective for failing to request that the jury be given a limiting instruction immediately prior to testimony that he was a gang member and appellate counsel was ineffective for not challenging the failure to give the limiting instruction on appeal. The district court denied this claim because the evidence in this case was overwhelming and the jury was properly instructed prior to deliberation and therefore any error in failing to give the instruction immediately prior to the testimony was harmless. See Rhymes v. State, 121 Nev. 17, 24, 107 P.3d 1278, 1282 (2005). Because any error was harmless, Satterfield failed to demonstrate that he was prejudiced by trial counsel's failure to request the limiting instruction or appellate counsel's failure to challenge the lack of the limiting instruction on appeal. We conclude that the district court did not err by denying this claim.

Fourth, Satterfield argues that the district court erred by denying his claim that appellate counsel was ineffective for failing to argue that the evidence was only sufficient to support a conviction for second-degree murder because the State failed to demonstrate that he acted with deliberation. The district court denied this claim because on direct appeal this court rejected Satterfield's challenge to the sufficiency of the evidence and found that the evidence of his guilt was overwhelming. Satterfield v. State, Docket No. 50260 (Order of Affirmance, May 5, 2009). Satterfield failed to demonstrate that his appellate counsel was ineffective because he failed to demonstrate than such a challenge would have had a likelihood of success on appeal. We conclude that the district court did not err by denying this claim.

Fifth, Satterfield argues that the district court erred by denying his claim that counsel was ineffective for failing to: (1) ask for a continuance, (2) investigate witnesses, (3) obtain character witnesses, (4) focus on a "cornerstone corroboration defense," (5) ask for a not guilty verdict, (6) shift blame to the other witnesses, (7) bring up bias towards gangs in voir dire, (8) present coerced statements, (9) present a co-defendant's plea deal, (10) present a theory of defense, and (11) have Satterfield testify. The district court rejected these claims as being either belied by the record or as pleaded with insufficient specificity. See Hargrove v. State, 100 Nev. 498, 503, 686 P.2d 222, 225 (1984). Because Satterfield raises these claims without providing this court with any

SUPREME COURT
OF
NEVADA

(O) 1947A

4

relevant authority, argument, or citation to the record, we conclude that he has failed to demonstrate that the district court erred by dismissing these claims.

Sixth, Satterfield argues that trial and appellate counsel's cumulative errors warrant reversal. Because Satterfield has demonstrated only one possible error, we conclude that he is not entitled to relief on this claim. See U.S. v. Sager, 227 F.3d 1138, 1149 (9th Cir. 2000) ("One error is not cumulative error."); see also Hoxsie v. Kerby, 108 F.3d 1239, 1245 (10th Cir. 1997) ("Cumulative-error analysis applies where there are two or more actual errors.").

Having considered Satterfield's contentions and concluded that no relief is warranted, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Cherry

cc:    Hon. Abbi Silver, District Judge
Christopher R. Oram
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk